UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| STEPHEN GEORGE SPARTZ, | Case No. 19-CV-2163 (PJS/ECW) |
| Plaintiff, | |
| v. | ORDER |
| JUDGE ALLISON L. KREHBIEL, STEFANIE LYN MENNING, and MINNESOTA LAWYERS MUTUAL INSURANCE COMPANY, | |
| Defendants. | |

---

Stephen George Spartz, pro se.

Michael T. Burke and Paul C. Peterson, LIND, JENSEN, SULLIVAN & PETERSON, PA, for defendant Stefanie Lyn Menning.

This matter is before the Court in connection with a letter written by plaintiff Stephen Spartz to Magistrate Judge Elizabeth Cowan Wright and received by the Court on February 26, 2020. ECF No. 13. The Court interprets Spartz's letter as an objection to the January 30, 2020 Report and Recommendation ("R&R") of Judge Wright. ECF No. 10. Judge Wright recommends dismissing Spartz's claims against Judge Allison L. Krehbiel with prejudice, dismissing Spartz's claims against Minnesota Lawyers Mutual Insurance without prejudice, and allowing Spartz's claims against Stefanie Lyn Menning to proceed. The Court has conducted a de novo review. *See* 28 U.S.C.

§ 636(b)(1); Fed. R. Civ. P. 72(b).  Based on that review, the Court overrules Spartz's objection and adopts Judge Wright's R&R.

Spartz's sole objection to the R&R is that he is entitled to appointment of an attorney to represent him.  But as Judge Wright explained in a prior order, ECF No. 32, there is no constitutional or statutory right to counsel in civil litigation.  *See Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).  The state statutes that Spartz cites in his letter do not authorize this Court to appoint an attorney to assist Spartz in this action.[1]  Nor do they authorize this Court to order Carver County or Nicollet County to appoint an attorney to assist him in this action.  Rather, Spartz's request is governed by 28 U.S.C. § 1915(e)(1), which authorizes the Court to "request an attorney to represent any person unable to afford counsel."  In determining whether such a request is warranted, courts look to the factual complexity of the issues, the ability of the indigent person to investigate the facts and to present the claims, and the complexity of the legal arguments.  *Phillips*, 437 F.3d at 794.

---

[1]Spartz asserts that the courts of Carver and Nicollet Counties are required to appoint an attorney to represent him pursuant to Minn. Stat. § 524.5-409.  This statute provides for the appointment of a conservator where the court finds that, among other requirements, "the individual is unable to manage property and business affairs because of an impairment in the ability to receive and evaluate information or make decisions" and "the individual has property that will be wasted or dissipated unless management is provided . . . ."  Minn. Stat. § 524.5-409, subd. 1.

The Court agrees with Judge Wright that the facts and legal issues in this case are not so complex as to warrant the appointment of counsel. ECF No. 32 at 2. Spartz has demonstrated a threshold ability to argue his case and to communicate effectively with the Court, and it does not appear that the appointment of counsel would significantly benefit either Spartz or the Court. The Court therefore declines to exercise its discretion under § 1915(e)(1) to request that an attorney represent Spartz in this action. *See Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011) (courts have considerable discretion in determining whether representation is warranted under § 1915(e)).

Normally, that would be the end of the matter. But in this case, Spartz has asserted that he cannot adequately represent himself because he suffers from mental illness.[2] There is significant evidence in the record that Spartz is indeed mentally ill. First, in 2012 a state-court judge appointed a conservator for the limited purpose of representing Spartz in pending civil litigation. *See* ECF Nos. 26-1, 26-2. Second, the record in this case includes a statement from a licensed professional clinical counselor dated July 17, 2019, explaining that Spartz was civilly committed from 2002 to 2018 and

---

[2]*See* ECF No. 1-1 at 23 ("I have a mental illness . . . that will affect my efforts/ability to represent myself as Pro Se."); ECF No. 4 at 2 ("I, Stephen Spartz, cannot properly function in a Courtroom Setting/Litigation due to PTSD . . . ."); ECF No. 13 at 4 ("My mental health, PTSD symptoms, will/have prevent me from properly representing myself as pro-se."); ECF No. 22 at 5 ("I am in extreme stress [due] to my mental illness . . . . I need an advocate such as an attorney appointed to me immediately as required."); ECF No. 22-1 at 1 ("I am unable to represent myself due to a mental impairment PTSD. I request appointment of counsel by this Federal Court . . . .").

that he currently resides in a group home.³  ECF No. 1-1 at 20.  The statement further explains that Spartz suffers from chronic post-traumatic stress disorder ("PTSD") and that he is "currently experiencing PTSD symptoms associated with past trauma associated with court proceedings."  *Id.*

Rule 17(c)(2) of the Federal Rules of Civil Procedure provides, in relevant part, that "[t]he court must appoint a guardian ad litem—or issue another appropriate order—to protect a[n] . . . incompetent person who is unrepresented in an action."  Although courts generally need not inquire *sua sponte* into a pro se litigant's mental competence, "a district court must consider invoking Rule 17(c) when it receives 'evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent'" or "'verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent.'"  *Mohamed v. TeBrake*, 371 F. Supp. 2d 1043, 1046 (D. Minn. 2005) (quoting *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 (2d Cir. 2003)); *see also Powell v. Symons*, 680 F.3d 301, 307 (3d Cir. 2012) (district court abused its discretion in failing to consider applying Rule 17(c) when record contained "verifiable evidence" of incompetence).

---

³This statement was prepared in connection with Spartz's applications to have a conservator appointed, which he appears to have filed in Carver and Nicollet Counties.

Spartz has not represented to this Court that he is "incompetent" within the meaning of Rule 17(c). Nor has Spartz requested the appointment of a guardian ad litem. And upon careful review, the Court finds that nothing currently in the record demonstrates that Spartz is incompetent, such that appointment of counsel or a protective order is warranted under Rule 17(c).

The fact that in 2012 a conservator was appointed for the limited purpose of representing Spartz in civil litigation does not mean that Spartz was incompetent in 2012, much less that he is incompetent now. *See* Minn. Stat. § 524.5-409, subd. 1(f) ("The appointment of a conservator . . . is not a determination of incapacity of the protected person."); *see also Webb v. Ethicon Endo-Surgery, Inc.*, No. 13-CV-1947 (JRT/JJK), 2015 WL 12780464, at *3 (D. Minn. Nov. 18, 2015) ("Unlike the appointment of a guardian, the appointment of a conservator is not evidence of general incompetence."). Indeed, the judge who appointed the conservator for Spartz specifically found that, notwithstanding the conservatorship, Spartz was competent under Minnesota law. *See* ECF No. 26-4 at 2 ("It therefore appears that Mr. Spartz is still regarded as competent and can bring his own Petition.").

Similarly, the fact that Spartz was civilly committed from 2002 to 2018 does not mean that Spartz was incompetent during the period of his commitment, much less that

he is incompetent now.  In relevant part, the Minnesota Commitment and Treatment Act provides:

> [N]o person by reason of commitment or treatment pursuant to this chapter shall be deprived of any legal right, including but not limited to the right to dispose of property, sue and be sued, execute instruments, make purchases, enter into contractual relationships, vote, and hold a driver's license. Commitment or treatment of any patient pursuant to this chapter is not a judicial determination of legal incompetency . . . .

Minn. Stat. § 253B.23, subd. 2(a).

Finally, nothing currently in the record suggests that Spartz's mental illness has rendered him legally incompetent.  *Cf. Webb*, 2015 WL 12780464, at *3 (finding plaintiff "sufficiently incapacitated to qualify as 'incompetent' for purposes of Fed. R. Civ. P. 17(c)(1)" based on psychiatrist's testimony that plaintiff's PTSD symptoms "were among the most severe that he had encountered in his professional career").  To the contrary, Spartz is an active litigant who appears to have successfully advocated on his own behalf in connection with multiple prior state-court proceedings.  Moreover, Spartz's filings in this federal matter suggest that his primary impediment to proceeding pro se is the requirement of physically appearing in the courtroom.  *See* ECF No. 4 at 2 ("I, Stephen Spartz, don't want to physically participate in any future court proceedings.  I have been diagnosed with Chronic PTSD, due to my previous courtroom trauma, and future courtroom settings/litigation will manifest the PTSD symptoms . . . .

I only want contact by phone please when these future court hearings take place. I want to be available by phone only to lessen the PTSD symptoms, if I were again in a courtroom setting/litigation—re-experiencing trauma flashbacks.").

In the event that any hearings are scheduled in this case, Spartz may ask to appear by phone rather than in person. But because there is no evidence that Spartz is "incompetent" within the meaning of Rule 17(c), the Court finds that no appointment of counsel or protective order is warranted.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES Spartz's objection [ECF No. 13] and ADOPTS the January 30, 2020 R&R [ECF No. 10]. IT IS HEREBY ORDERED THAT:

1. Plaintiff's claims against defendant Judge Allison L. Krehbiel are DISMISSED WITH PREJUDICE.

2. Plaintiff's claims against defendant Minnesota Lawyers Mutual Insurance are DISMISSED WITHOUT PREJUDICE.

Dated: April 20, 2020

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge